RECEIVED
IN LAKE CHARLES, LA.
MAY 15 2014
TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:11 CR 00112-011 |
| | | Civ. No. 2:14-cv-0233 |
| VS. | : | JUDGE MINALDI |
| CRAIG MICHAEL NASH | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence (Rec. Doc. 138) pursuant to 28 U.S.C. §2255 filed by Craig Michael Nash ("Nash"). The Government filed an Answer (Rec. Doc. 143). The defendant filed a Reply (Rec. Doc. 145).

The defendant claims that counsel was ineffective during his guilty plea and sentencing by failing to secure a "solid plea deal."[1]

## PROCEDURAL HISTORY

On March 9, 2012, the defendant entered a plea of guilty to counts one and eighteen of a twenty-six count indictment. (Rec. Docs. 70, 71). Count One charged him with conspiracy to commit fraud in violation of 18 U.S.C. § 371. Count 18 charged him with wire fraud in violation of 18 U.S.C. § 1343. The plea agreement provided for the forfeiture of property. (Rec. Doc. 94).

A presentence investigation report was prepared on April 16, 2012. The government and the defendant filed objections to the report. On August 21, 2012, the court issued a memorandum ruling

---

[1] Defendant's 2255, p. 6, 8 and 9. The defendant indicates that a sentence at the top of the guideline range, which included a two point enhancement, was not a "solid deal."

(Rec. Doc. 107). On August 24, 2012, the defendant wasسentenced to 60 months imprisonment as to count one and 78 months imprisonment as to count 18. The sentences are to run concurrently. The defendant was ordered to make restitution in the amount of $1,784,135.51. (Rec. Doc. 110).

On August 30, 2013, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction. The sentence imposed was affirmed. (Rec. Doc. 131).

## Facts

The defendant owned and operated a convenience store in Lake Charles, Louisiana in which food stamp benefits were exchanged for cash. At the guilty plea, the government stated, "The undercover officers were able to obtain approximately 50 cents on the dollar in exchange for food stamp benefits, getting cash back and selling their food stamp benefits." (Guilty Plea Tr., p. 12 ).

## Law and Analysis

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*. Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without

showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995).

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232; *United States v. Williams*, No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008).

A criminal defendant who fails to raise an available issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). A prisoner who collaterally attacks his conviction can establish cause for his procedural default "if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule or that his attorney's performance failed to meet the [ *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997)(internal quotations omitted). A showing of a fundamental miscarriage of justice can be shown if a prisoner can establish actual

innocence. *Id.* at 1465 n.5. To do so, the prisoner must demonstrate that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Jones v. United States,* 153 F.3d 1305, 1308 (11th Cir. 1998) (internal quotations and citations omitted).

Nash argues ineffective assistance of counsel in his §2255 motion. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial. *Uresti v. Lynaugh,* 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064); *United States v. Gibson,* 985 F.2d 212, 215 (5th Cir. 1993). The burden that *Strickland* poses on a defendant is severe. *Proctor v. Butler,* 831 F.2d 1251, 1255 (5th Cir. 1987).

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *Martin v. McCotter,* 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.,* 107 S. Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987). Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second- guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'" *Id.* at 816 (quoting *Lockart v. McCotter,* 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.,* 479 U.S. 1030, 107 S. Ct. 873,

93 L.Ed.2d 827 (1987)).

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

It is well-settled that "[w]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir.2007), *cert. denied*, --- U.S. ----, 128 S.Ct. 336, 169 L.Ed.2d 236 (2007). As the Supreme Court stated in *Tollett v. Henderson*:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [ *v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763, (1970)].

*United States v. Daughenbaugh* 549 F.3d 1010, 1012 ( 5th Cir. 2008).

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994). Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except

insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983). Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

The burden of proof is on a § 2255 petitioner to prove his allegations. Nash argues that he should have received a better plea agreement and that his counsel should have more strenuously opposed a two point enhancement. Nash alleges that he learned of the enhancement when he arrived for sentencing and was not informed that he could ask for a continuance to give him time to think about the enhancement.

The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961). The defendant has not established that his alleged ineffective assistance of counsel resulted in an involuntary guilty plea. This court has reviewed the voluntariness of the defendant's plea and finds that the plea was, in fact, voluntary.

Nash received a three level reduction in his base offense level as a result of the plea agreement (Presentence Investigation, ¶33). Several counts which would have resulted in a longer sentence were dismissed. The defendant has not proven any error on his counsel's part, let alone an error that would lead to a greater sentence. *Glover v. United States*, 531 U.S. 198, 203 (2001).

Nash asserts that his counsel did not strenuously object to the two level enhancement. Mr.

Clemons did, in fact object to this enhancement. (PSR Addendum, pp.5-6). The court ruled in favor of the enhancement and this was affirmed by the Fifth Circuit on direct appeal. There was little, if anything else, that Mr. Clemons could have argued in this regard. Mr. Clemon's actions were not unreasonable, nor has Nash proven that his sentence would have been less had Mr. Clemons argued differently.

Accordingly, for the reasons stated herein, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this 14 day of May, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE